State *v.* Joe.

THE STATE, Respondent, *vs.* JOE, (A SLAVE,) Appellant.

1. No appeal lies in favor of a slave convicted .before a justice of the peace of petit larceny.

*Appeal from Marion Circuit Court.*

*Howell,* for appellant.  1.  The affidavit upon which the proceeding was based did not show a case of petit larceny.  It did not show that the value of the property stolen was under ten dollars.  2.  The Circuit Court should have taken jurisdiction of the appeal.  To hold that no appeal lies would be monstrous.  The constitution gives circuit courts a superintending control over justices of the peace.

*H. A. Clover,* (circuit attorney,) for the State.  1.  The affidavit charges that the slave stole a fiddle of the value of one dollar, and a whip, of the value of one dollar, *and some clothing, with many other articles of merchandise.*  The value of the property sworn to is two dollars and no more.  The other matter is superfluous and may be rejected.  2.  No appeal lies from the justice in a case like this.  The statute under which the proceedings were had provides for none.  If the Circuit Court can review the proceedings by virtue of its superintending control, it is not by appeal.

SCOTT, Judge.  Joe, a slave, was tried and convicted before a justice of the peace, of larceny, and sentenced to be whipped.  From this proceeding he appealed to the Circuit Court, where his appeal was dismissed.  From this order he appealed to this court.

1.  The question in this case is, whether the slave was entitled to an appeal.  Although our views of this matter are such as restrain us from examining into the regularity of the proceedings of the justice, yet we deem it as well to say, that they appear to be conformable to law.  The statute having prescribed a summary mode for the trial of slaves accused of petit

larceny, and having allowed no appeal, there is no principle which would warrant the circuit courts in entertaining jurisdiction in such cases. Should justices of the peace exceed their jurisdiction, and transcend the limits of their authority, means of restraining them have been provided by law.

Judge Ryland concurring, the judgment will be affirmed. Judge Gamble absent.